# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Sarah G. Passeri
(212) 513-3563
sarah.passeri@hklaw.com

June 30, 2021

*VIA ECF*

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007

> Application denied. During the pre-motion telephone conference presently scheduled for 7/12/2021, the topics raised in plaintiffs' motion for a preliminary injunction (Doc. 55) will be discussed and the Court will set a briefing schedule for the balance of the motion practice.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        July 1, 2021

Re:   *Emilio L. Vozzolo, on behalf of himself and all others similarly situated v. Air Canada*, Case No. 7:20-cv-03503-PMH
*Nikki M. Abskharon, Peter A. Abskharon, Barry Winograd, on behalf of themselves and all others similarly situated v. Air Canada*, Case No. 7:20-cv-11037-PMH
*Thomas Piercy, on behalf of himself and all others similarly situated v. Air Canada*, Case No. 1:20-cv-04988
**Request To Set Pre-Motion Conference On Plaintiffs' Motion For Preliminary Injunction**

Dear Judge Halpern:

We write on behalf of Air Canada to address Plaintiffs' improper filing of a Motion for Preliminary Injunction on June 29, 2021 (D.E. 55, 56, 57) in violation of Your Honor's Rules. For the reasons stated below, Air Canada requests that the Court convert Plaintiffs' Motion for Preliminary Injunction into a request for a pre-motion conference to be further discussed by the parties at the scheduled conference on July 12, 2021.

Prior to filing a motion for preliminary injunction, Your Honor's Rules require that the moving party submit a pre-conference letter, not exceeding five (5) pages, requesting to schedule a pre-motion conference. In addition, Your Honor's Rules require the moving party to confer with its adversary before making an application for emergency relief or to certify in writing of any efforts made to give notice. *See* Rule 4(F) and Fed. R. Civ. P. 65(b). Plaintiffs have failed to comply with the Rules.

This is the second time in the past few weeks that Plaintiffs filed a substantive motion without seeking a pre-motion conference. On May 24, 2021, Plaintiffs filed a Motion for Miscellaneous Relief (D.E. 43) without permission. Air Canada was obligated to file a Response within a short timeframe to comply with the Rules and expand resources on a motion that the Court may not have granted Plaintiffs permission to file in the first place. Plaintiffs' sanctionable conduct is a waste of time and resources of all parties concerned.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Lakeland | Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa |
Tysons | Washington, D.C. | West Palm Beach

Bogotá | London | Mexico City

Honorable Philip M. Halpern
June 30, 2021
Page 2

Here too, Plaintiffs were required to address their purported issues with a pre-conference letter to preserve the Court's, and Air Canada's, judicial resources. Plaintiffs' strategy proves especially egregious in light of the request sought in their motion. Indeed, Plaintiffs seek an order from the Court directing Air Canada to place into escrow 30% of any yet to be paid refunds to putative class members pending a determination of whether the claims of the class are mooted, based on allegations that Plaintiffs may be entitled to recover attorneys' fees and costs from the refund payments made to putative class members. The irony of Plaintiffs' counsel trying to force monies otherwise payable to the class to be sequestered and not paid to Plaintiffs, therefore frustrating the prompt delivery of the very remedy counsel allegedly sought for the purported class, should not be lost on this Court. A cursory review of Plaintiffs' request for a preliminary injunction shows it lacks any merit, and that, at minimum, issues of attorneys' fees and costs are premature. Plaintiffs' recent acts of noncompliance simply appear to be attempts to overburden the court system and drive up costs and expenses for a case that may soon be rendered moot.

Accordingly, Air Canada requests that the Court convert Plaintiffs' Motion for Preliminary Injunction into a request for a pre-motion conference to be discussed by the parties at the scheduled conference July 12, 2021.[1]

We thank Your Honor for His consideration.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
Sarah G. Passeri

Cc: All Counsel via ECF

---

[1] Alternatively, Air Canada requests additional time to respond to the substance of Plaintiffs' Motion for Preliminary Injunction as Air Canada's lead counsel is out of the country until July 6, 2021.